UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DIANNE BARNEY | : | CASE NO. 1:11-cv-2590 |
|     Plaintiff, | : | |
| v. | : | |
| LVNV FUNDING, LLC, et al., | : | |
|     Defendants. | : | |

------------------------------------------------------------------------------------------------------------

**DEFENDANTS' ANSWER TO COMPLAINT**

------------------------------------------------------------------------------------------------------------

Now comes all Defendants, by counsel, and for their Answer to the Complaint, provide as follows:

1. Defendants admit that this Court has subject matter jurisdiction. All other allegations in paragraph 1 of the Complaint are denied.

2. Defendants deny that Plaintiff is a "consumer" under the Ohio Consumer Sales Practices Act. Defendants are without sufficient information to enable them to admit or the deny the remaining allegations in paragraph 2 of the Complaint, and therefore, deny said allegations.

3. Defendants admit that LVNV Funding, LLC acquired delinquent accounts. Defendants deny the remaining allegations contained in paragraph 3 of the Complaint.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

5. Defendants deny the allegations in paragraph 5 of the Complaint.

6. Defendants admit that the municipal court entered judgment against Plaintiff. Defendants deny the remaining allegations in paragraph 6 of the Complaint.

7. Defendants admit that the deposition notice was mailed to Plaintiff by Levy & Associates, LLC. Defendants deny the remaining allegations in paragraph 7 of the Complaint.

8. Defendants admit that the deposition notice and cover letter speak for themselves. Defendants deny the remaining allegations in paragraph 8 of the Complaint.

9. Defendants are without sufficient information to enable them to admit or the deny the allegations in paragraph 9 of the Complaint, and therefore, deny said allegations.

10. Defendants are without sufficient information to enable them to admit or the deny the allegations in paragraph 10 of the Complaint, and therefore, deny said allegations.

11. Defendants deny that Plaintiff suffered fear, anxiety, worry, and emotional distress. Defendants are without sufficient information to enable them to admit or the deny the remaining allegations in paragraph 11 of the Complaint, and therefore, deny said allegations.

12. All allegations incorporated by reference in paragraph 12 of the Complaint are admitted and denied to the same extent as noted above.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants deny the allegations in paragraph 15 of the Complaint.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. All allegations incorporated by reference in paragraph 18 of the Complaint are admitted and denied to the same extent as noted above.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. All other allegations in Complaint are denied.

## ADDITIONAL DEFENSES

1. Any violation of law, which is denied, was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

2. Defendants' actions were in compliance with the Federal Trade Commission Staff Commentary on the Fair Debt Collection Practices Act, 15 U.S.C. 1692i.

3. Plaintiff failed to mitigate any alleged damages.

4. Plaintiff's claims are barred by the doctrine of consent.

5. Plaintiff's claims are barred, at least in part, by the doctrine of set-off/recoupment.

                                                Respectfully submitted,

                                                /s/Boyd W. Gentry
Boyd W. Gentry (0071057)
LAW OFFICE OF BOYD W. GENTRY, LLC
9 East Dayton Street
West Alexandria, Ohio 45381
Tel. 937.839.2881
Fax 800.839.5843
bgentry@boydgentrylaw.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

      I certify that the foregoing document was served to the following via the Clerk of Court's CM/ECF System on January 27, 2012:

Stephen R. Felson
215 E. 9th Street, Suite 650
Cincinnati, Ohio 45202

Edward A. Icove
Icove Legal Group, Ltd.
Terminal Tower, Suite 627
50 Public Square
Cleveland, Ohio 44113

                                        /s/Boyd W. Gentry
                                        Boyd W. Gentry (0071057)